## CARL C. NELSON *vs.* GREAT NORTHERN RAILWAY CO.

Submitted on briefs Dec. 8, 1892. Decided Jan. 16, 1893.

**Animals Running at Large.**

A horse accidentally escaping from the owner's premises without his fault is not to be deemed to be unlawfully running at large while proper efforts are being made to retake it.

**Fencing Railroad Right of Way.**

The neglect to fence a railroad right of way is not excused by the fact that the construction of cattle guards so as to completely inclose the track is impracticable.

Appeal by defendant, Great Northern Railway Company, from an order of the District Court of Clay County, *Mills, J.,* made June 20, 1892, denying its motion for a new trial of this action.

The track of defendant's railway at and for some distance north of Glyndon runs north and south parallel with section lines. The highway called the county road runs east and·west along the north side of the plat of the village and crosses the railway at right angles. The farm buildings and yards of the plaintiff, Carl C. Nelson, are on the north side of this highway and five or six rods west of the railroad. He has a farm there. On May 10, 1891, plaintiff had in his barnyard a stallion colt two years old. While plaintiff was taking down the bars to lead a mare out of the yard, the colt rushed by him, jumped the lower unopened bars, and escaped into the field. The railroad track was unfenced (1878 G. S. ch. 34, § 54) and the colt went across it to the northeast. This was at sundown. Plaintiff pursued the colt for half an hour, endeavoring to catch him, but did not succeed. Darkness came on, and he lost sight of the colt. Next morning the colt was found dead beside the railroad track, forty rods north of the county road. From his tracks it appeared that the colt came back from the northeast onto the railroad, and came south on the track about twenty rods towards the plaintiff's barns, and was there struck by a south-going train. At this place there is a side track on the east about eighty rods long, called the passing track, on which trains stand to allow other trains to pass. South

of the county road are the yard tracks and depot. It was shown in evidence that on account of the switching done along the railroad track, it was impracticable to have cattle guards on either side of this highway. The corporate limits of the village of Glyndon include the plaintiff's farm and the railroad track where the colt went onto it, and also where he was killed.

The action was tried January 15, 1892. Plaintiff had a verdict for $125. Defendant moved for a new trial. Being denied, it appeals.

*M. D. Grover* and *R. A. Wilkinson,* for appellant.

The evidence shows that the colt was running at large at the time it was killed. The testimony is, that the colt jumped the bars which plaintiff had partially taken down, and ran across to the east side of the railroad track, and that plaintiff, after following him for a time, left the colt on the east side of the track. This was allowing the colt to remain at large and subject to the danger from railroad trains. the railroad track was between the colt and his home, and it was probable the colt would return during the night. *Moser* v. *St. Paul & D. R. Co.,* 42 Minn. 480; *Goener* v. *Woll,* 26 Minn. 154; *Hinman* v. *Chicago, R. I. & P. R. Co.,* 28 Iowa, 494; *Hammond* v. *Chicago & N. W. R. Co.,* 43 Iowa, 168; *Cincinnati, W. & M. Ry. Co.* v. *Stanley,* 4 Ind. App. 364.

The defendant is not chargeable with negligence for failing to fence its track in the vicinity where the colt went on it and was killed. The situation was such as to bring the case within the implied exception to the statute. The evidence shows that it was necessary that the grounds of the company where the colt went upon the track and where it was killed, and for some distance further north, should be kept open to enable the defendant to set out and to take on cars and to allow trains to sidetrack and to pass each other. All the switching has to be done in the north end of the yard, whichever way the train comes from. The brakemen in doing their work have to cross and recross the highway and to run along the ground beside the trains from one point to another. They have to go in between the cars in doing their work, and if cattle guards were placed there,

on either side of the county road, they would be very dangerous. It would be to set a mantrap for the conductors and brakemen. *Fredenburg* v. *Northern Cent. Ry. Co.*, 114 N. Y. 582; *Cox* v. *Minneapolis, S. S. M. & A. Ry. Co.*, 41 Minn. 101; *Greeley* v. *St. Paul, M. & M. Ry. Co.*, 33 Minn. 136; *Hooper* v. *Chicago, St. P., M. & O. Ry. Co.*, 37 Minn. 52; *Jennings* v. *St. Joseph & St. L. Ry. Co.*, 37 Mo. App. 651; *Wabash R. Co.* v. *Forshee*, 77 Ind. 158; *Cincinnati, H. & I. R. Co.* v. *Jones*, 111 Ind. 259.

*W. B. Douglas*, for respondent.

Plaintiff was not guilty of contributory negligence in permitting his colt to escape from the inclosure. The escape, to warrant the conclusion that plaintiff was negligent, must appear to be the result of his carelessness. *Cox* v. *Minneapolis, S. S. M. & A. Ry. Co.*, 41 Minn. 101; *Watier* v. *Chicago, St. P., M. & O. Ry. Co.*, 31 Minn. 91.

The remaining point made by appellant has been repeatedly determined by this court, and is not now open for argument in this state. *Greeley* v. *St. Paul, M. & M. Ry. Co.*, 33 Minn. 136.

The existing statute requiring railroads to fence their right of way has but two exceptions, viz.: First, at public streets and crossings. Second, at depot grounds for the receipt or discharge of freight or for entrance or exit of passengers. *Cox* v. *Minneapolis, S. S. M. & A. Ry. Co.*, 41 Minn. 101; *Tracy* v. *Troy & Boston R. Co.*, 38 N. Y. 433; *Bradley* v. *Buffalo, N. Y. & E. R. Co.*, 34 N. Y. 427.

DICKINSON, J. This action is for the recovery of the value of a colt two years old, which escaped from the plaintiff's premises, and went on the defendant's railway track, where it was killed by a passing train. The appellant (defendant) brings the case here for review upon two questions, viz.—*First*, was the colt running at large unlawfully, so that the plaintiff was chargeable with contributory negligence? and, *second*, was the defendant chargeable with neglect of duty by reason of not having fenced its track at the place where the animal went on it? The uncontradicted evidence in the case is conclusive against the defendant upon both these points.

As to the first of these questions, it is enough to say that shortly

before dark in the afternoon the animal escaped from a safe inclosure on the plaintiff's premises, in a manner shown by the evidence, and not involving any fault on the part of the plaintiff; that he pursued, and endeavored to retake, the colt, but without success, until dark, when he lost sight of him on the open prairie adjacent to the village of Glyndon. During that night the animal went on the railroad track, and was killed.

The plaintiff's premises are within the corporate limits of the village of Glyndon, and just north of a highway designated as a county road. The defendant's railroad is laid in a north and south direction a few rods east of the plaintiff's premises. The depot is about 1,000 or 1,200 feet south of the county road, and within the intervening space are the side tracks, on which, for the most part, if not entirely, the receiving and delivery of freight are done, and where cars are left. These side tracks turn off from the main track just south of the county road, and are accessible by cars or engines only from the north. It may be assumed, as the appellant claims the fact to be, that the necessary switching of cars between the main track and the side tracks could not be done with safety to the employes engaged in coupling and uncoupling cars if there were open cattle guards under the railroad track at the county road. It may also be assumed that it was impracticable to fence the tracks south of the county road. The situation is somewhat different north of that road. There is a side track there also, leaving the main track south of the county road, and running north parallel with the main track to a point north of that where the colt went on the track. North of that point this side track connects again with the main track. This side track is referred to in the evidence as the passing track, and is used to accommodate trains passing each other on the road. It appears also to have been used to some extent in the switching of cars, and we will assume (although we deem this a matter of no importance) that a cattle guard could not be safely located near the north end of this passing track. But no reason is shown why the road should not have been fenced from the county road north. The horse went on the railroad from the open fields on the east of it, at a point some 40 or 60 rods north of the county

road.   While this was within the corporate limits of the village, there were no streets extending from the east across the track, and nothing was shown to excuse the failure to construct fences, unless it be the fact that cattle guards could not properly be located at the county road, and hence, even if fences were constructed along the sides of the right of way, animals might get on the track at the county road, where the fences would necessarily terminate.   But this is no excuse for the neglect of the statutory duty to construct fences.

The injury complained of is attributable directly to that neglect, and the defendant was legally responsible therefor.   The possibility that even if fences had been constructed the animal might have got on the track at some other place in no way affects the case.

Order affirmed.

(Opinion published 53 N. W. Rep. 1129.)